WORKINGMEN'S BUILDING AND LOAN ASSOCIATION,
complainant,

*v.*

ANTHONY DEL VECCHIO et al., defendants.

[Decided July 18th, 1930.]

*Mr. Albert C. Abbott,* for the complainant.

*Mr. William Elmer Brown, Jr.,* for the defendant Anthony Del Vecchio.

*Mr. Henry S. Alvord,* for the defendant Holland Furnace Company.

*Mr. S. Paul Ridgway,* for the defendant Bozarth Lumber Company.

*Mr. T. Harry Rowland,* for the defendant David Glick.

INGERSOLL, V. C.

The bill was filed in this cause on October 7th, 1927. On March 28th, 1928, the defendant Holland Furnace Company filed a counter-claim alleging that a warm air furnace with certain of its pipings and connections were personal property and that an accounting be had of the amount due therefor, and that said furnace and piping be decreed to be personal property not encumbered by the complainant's mortgage and that the defendant be permitted, by a decree of this court, to remove from said house said furnace and piping.

The difficulty in this case is two-fold, first, that prior to the filing of the cross-petition the sheriff had levied upon and made sale of the property in question, and secondly, that the mortgage being foreclosed has been paid and that the complainant has no further interest in the cause. "The doctrine of retaining jurisdiction to settle the entire controversy is confined to the determination of rights dependent upon, or at least germane to, the subject-matter and main purpose of the bill; jurisdiction will not be retained to adjust independent controversies between the parties or controversies beyond the scope of that raised by the bill." *21 Corp. Jur. 148,* cited by Chancellor Walker in *Caruso* v. *Caruso, 101 N. J. Eq. 350.*

The cross-bill will be dismissed.